Dear Mr. Brady:
On behalf of the City of Lauderdale Lakes, you ask substantially the following question:
May a city cite and prosecute an individual for a repeat code violation under section 162.06(3), Florida Statutes, when there is a prior adjudication of the same violation that has not been resolved or for which the violator has failed to comply?
In sum:
A city may not cite and prosecute an individual for a repeat code violation based upon a previous adjudication of the same violation that has not been resolved or for which the violator has failed to comply.
Once a municipality has created a code enforcement board pursuant to the provisions of Part I, Chapter 162, Florida Statutes, it must utilize the enforcement mechanism and procedures set forth in the act to the exclusion of any others.[1] Section 162.06, Florida Statutes, provides the enforcement procedures for the various codes of county or municipal governments. Subsection (2) of the statute provides:
"Except as provided in subsections (3) and (4), if a violation of the codes is found, the code inspector shall notify the violator and give him or her a reasonable time to correct the violation. Should the violation continue beyond the time specified for correction, the code inspector shall notify an enforcement board and request a hearing. The code enforcement board, through its clerical staff, shall schedule a hearing, and written notice of such hearing shall be hand delivered or mailed as provided in s. 162.12 to said violator. . . . If the violation is corrected and then recurs or if the violation is not corrected by the time specified for correction by the code inspector, the case may be presented to the enforcement board even if the violation has been corrected prior to the board hearing, and the notice shall so state."
Pursuant to section 162.06(3), Florida Statutes:
 "If a repeat violation is found, the code inspector shall notify the violator but is not required to give the violator a reasonable time to correct the violation. The code inspector, upon notifying the violator of a repeat violation, shall notify an enforcement board and request a hearing. The code enforcement board, through its clerical staff, shall schedule a hearing and shall provide notice pursuant to s. 162.12. The case may be presented to the enforcement board even if the repeat violation has been corrected prior to the board hearing, and the notice shall so state. If the repeat violation has been corrected, the code enforcement board retains the right to schedule a hearing to determine costs and impose the payment of reasonable enforcement fees upon the repeat violator. The repeat violator may choose to waive his or her rights to this hearing and pay said costs as determined by the code enforcement board." (e.s.)
A "repeat violation" is defined as:
 "a violation of a provision of a code or ordinance by a person who has been previously found through a code enforcement board or any other quasi-judicial or judicial process, to have violated or who has admitted violating the same provision within 5 years prior to the violation, notwithstanding the violations occur at different locations."
By definition the statute contemplates that a code enforcement board would have to have previously determined that a code provision has been violated before a "repeat violation" of that provision may be charged, regardless of whether such violation occurs at a different location.[2]
Use of the term "repeat" would appear to indicate a separate identifiable incident, rather than a continuation of the initial violation.[3] The definition alone, however, may be open to interpretation that could support an argument that a separate and distinct violation is not necessary in order to charge someone with a repeat violation. A review of the statutory scheme for imposition of fines for code violations, however, supports the conclusion that a continuing violation does not form
the basis for charging a repeat offense.
Section 162.09, Florida Statutes, sets forth the administrative fines, as well as cost of repairs and liens that may be imposed as a result of a code violation, as follows:
 "(1) An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or upon finding that a repeat violation has been committed, may order the violator to pay a fine in an amount specified in this section for each day the violation continues past the date set by the enforcement board for compliance or, in the case of a repeat violation, for each day the repeat violation continues, beginning with the date the repeat violation is found to have occurred by the code inspector. . . . If a finding of a violation or a repeat violation has been made as provided in this part, a hearing shall not be necessary for issuance of the order imposing the fine." (e.s.)
Moreover, there is a separate schedule of fines for the first violation and for repeat violations.[4] A certified copy of the order imposing a fine may be filed in the public records and thereafter constitutes a lien against the land upon which the violation occurred and upon any other real or personal property of the violator. The statute states that "[a]fine imposed pursuant to this part shall continue to accrue until theviolator comes into compliance or until judgment is rendered in a suitfiled pursuant to this section, whichever occurs first."[5] (e.s.)
Thus, the continuing nature of the fine imposed for a violation evinces a legislative intent that no other fines will be imposed.[6]
The distinct treatment between initial and repeat violations, as well as the continuation of a fine for an initial or repeat violation supports the conclusion that a separate violation must be found in order to initiate a citation for a "repeat violation" under section 162.09, Florida Statutes.[7]
Accordingly, it is my opinion that a city may not cite and prosecute an individual for a repeat code violation under section 162.06(3), Florida Statutes, when there is a prior adjudication of the same violation that has not been resolved or for which the violator has failed to comply.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See Ops. Att'y Gen. Fla. 93-91 (1993) and 88-62 (1988).
[2] See Alsop v. Pierce, 19 So. 2d 799, 805 (Fla. 1944) (when the controlling law directs how a thing shall be done, it is, in effect, a prohibition against its being done in any other way).
[3] "Repeat" is defined as "to make, do, or perform again[.]" Webster's Third New International Dictionary p. 1924 (Unabridged, 1981).
[4] Section 162.09(2)(a), Fla. Stat., provides:
 "A fine imposed pursuant to this section shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation, and, in addition, may include all costs of repairs pursuant to subsection (1). However, if a code enforcement board finds the violation to be irreparable or irreversible in nature, it may impose a fine not to exceed $5,000 per violation."
[5] Section 162.09(3), Fla. Stat.
[6] Reynolds v. State, 842 So. 2d 46, 49 (Fla. 2002); State v.J.M., 824 So. 2d 105, 109 (Fla. 2002) (legislative intent is the polestar in statutory construction).
[7] See Op. Att'y Gen. Fla. 85-84 (1985) (same violation must be found to have been repeated by the same violator before a fine for each day the repeated violation occurred past the date set for compliance may be imposed by a board). And see Op. Att'y Gen. Fla. 97-26, noting if a code enforcement board is notified of noncompliance or that a violation has been repeated, the board may order the violator to pay a fine up to the limits prescribed by statute; the statute, however, contemplates that two separate orders be entered by the board.